# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

RECEIVED
JUL -2 PM 2:59
CLERK U.S. DIST. COURT
W. D. DIST. OF MO
KANSAS CITY MO.

| | |
|---|---|
| Tomas Caesar Popson<br>Mailing address; 401 Indiana Ave.<br>Kansas City, MO 64124<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KANSAS CITY, MISSOURI<br><br><br>Serve: Cecilia Abbott- City Attorney<br>414 E. 12th St., City Hall 28th Floor,<br>Kansas City, MO 64106<br><br>RICHARD SMITH, individually,<br><br>Serve at:<br>Kansas City, MO Police Department<br>1125 Locust St.<br>Kansas City, MO 64106<br><br><br>JUSTIN FORREST, individually,<br><br>Serve at:<br>2640 Prospect Avenue<br>Kansas City, MO 64127<br><br>NATHAN ANDERSON, individually,<br><br>Serve at:<br>2640 Prospect Avenue<br>Kansas City, MO 64127 | Case No.  19-cv- 515- GAF<br><br>COMPLAINT FOR DAMAGES<br>AND DECLARATORY AND<br>INJUNCTIVE RELIEF<br><br><br><br>**JURY TRIAL DEMANDED** |

1

KANSAS CITY, MISSOPURI POLICE )
DEPARTMENT )
Serve: Jenny Atterbury- General Counsel )
1125 Locust St. )
Kansas City, MO 64106 )
)
ET., AL., )
)
Defendants. )

## COMPLAINT

COMES NOW Plaintiff Tomas Caesar Popson states as follows:

## INTRODUCTION

1. Plaintiff brings this action for damages, declaratory judgment, and injunctive relief under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff Tomas Caesar Popson unalienable rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, as well as other laws of the State of Missouri.

2. Plaintiff is filing a concurrent Notice of Removal of Jackson County Circuit Court Case: Case No. 1816-CV21655, Missouri Court Appeals Western District: Case No. WD82922 for leave to proceed In The United States District Court, Western District of Missouri, Western Division with this action for damages, declaratory judgment, and injunctive relief to remedy Defendants' for Assault, battery, harm, intentional infliction of emotional distress, criminal coercion, defamation and slander threats and intimidation against City of Kansas City Missouri Police Officer Justin Forrest-Badge #2389, City of Kansas City, Missouri Police

2

Officer Nathan Anderson, Badge # 1336. Two (2) Unknown Officers on September 23, 2017 at City of Kansas City, Missouri Police Department East Patrol 2640 Prospect Avenue Kansas City, MO 64127. Two ( 2) Unknown Officers, agents, Detectives and/or investigators/ interrogators( No. 1 white male , No.2 African American female of City of Kansas City, Missouri Police Department. In addition, on October 04, 2017 Three (3) more Officers of City of Kansas City, Missouri Police Department and Sgt. Mike Luis- Excelsior Springs, Missouri Police Department became involved with this action( N0.1 Erick ………..white male mid-30 to late 30 years of age, 165-168 cm 65-68 kg, brown hair, brown eyes, blue jeans, white T-shirt driving white 1 ½ ton pickup truck,2 doors regular cab, No.2 Steve ………, white male late 30 mid 40 years of age, 174-176 cm high, light hair, blue eyes, 65- 70 kg. red shirt, jeans and cowboy boots, driving gray Cadillac SUV late model . No.3 …….. White male, late 20 mid 30 years of age, 58- 62 kg, 16170 cm, dark hair, dark eyes., wear ¾ dark blue parka, driving white utility truck. Richard Smith- Chief of City of Kansas City, Missouri Police Department do to his negligence to fail to compile Effective policies and procedures to prevent this kind of action and oversite his Officers of to prevent any farther misconduct. City of Kansas City , MO, City of Kansas City, MO Police Department Chief Colonel Richard Smith, City of Kansas City, Missouri Police Department as a governmental entity fully and duly liable under the theory of governmental liability, City of Kansas City, Missouri Police Officer Justin Forrest- Badge #2389 and Kansas City, Missouri Police Officer Nathan Anderson, Badge # 1336, unknown police officers, et al.

3

**PARTIES**

3.     Tomas Caesar Popson ( hereinafter " Plaintiff") is a citizen of the United States of America and of the State of Missouri, and states that at all times relevant to the claims of this Compliant was a resident of Excelsior Springs, Missouri located in Clay County, Missouri in the Western District of Missouri.

4.     Defendant City of Kansas City, Missouri ( hereinafter KCMO), is a governmental entity, political subdivision in the State of Missouri fully and duly liable under the theory of governmental liability to provide policy and control to Kansas City Missouri Police Department through the Kansas City Missouri Board of Police Commissioners, is and relevant to the counts of this Compliant a charter on the territory and United States of America with nerve center and operation in Jackson County, Missouri in the Western District of Missouri.

5.     Defendant Richard Smith ( hereinafter Smith), in his individual capacity, is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. . Defendant Richard Smith was employed as a Police Chief and employee of City of Kansas City, Missouri Police Department. Defendant Richard Smith is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant Forrest was acting under   color of state law. He is sued in his individual and official capacities.

6.     Defendant Justin Forrest (hereinafter Forrest), in his individual capacity, is and was at all times relevant to the counts in this Compliant a citizen of the United

States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant Forrest was employed as a Police Officer and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant Forrest was acting under color of state law. He is sued in his individual and official capacities.

7.     Defendant Nathan Anderson ( hereinafter Anderson), in his individual capacity, is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant Anderson was employed as a Police Officer and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant Anderson was acting under color of state law. He is sued in his individual and official capacities.

8.     Defendant Officer Al, John Doe-1 is a white male officer, is employed by the City of Kansas City, Missouri Police Department (KCPD). Defendant All John Doe-1 is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. At all times, relevant hereto, John Doe-1 was acting under color of state law. He is sued in his individual and official capacities.

9.     Defendant Officer Jane Doe-2 is a white female officer, employed by

5

the City of Kansas City, Missouri Police Department (KCPD). Defendant Jane Doe-2 is resident of Kansas City, Missouri. At all times, relevant hereto, Jane Doe-2, is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant Jane Doe-2 was employed as a Police Officer and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant Jane Doe-2 was acting under color of state law. He is sued in his individual and official capacities.

10. Defendant Officer/ Detective/ agent/ investigator John Doe-3 is a white male is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant John Doe-3 was employed as a Police Detective/ Officer/ investigator and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant John Doe-3 was acting under color of state law. He is sued in his individual and official capacities.

11. Defendant Officer/ Detective/ agent/ investigator Jane Doe-4 is African American female is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant Jane Doe-4 was employed as a Police Detective/ Officer/ Employee/ investigator and employee of City of Kansas City, Missouri Police Department. Defendant Jane Doe-4 is a "person" for purposes of 42

6

U.S.C. § 1983. At all times relevant, Defendant Jane Doe-4 was acting under   color of state law. He is sued in his individual and official capacities.

12.     Defendant Officer/ Detective/ agent/ investigator John Doe-5 is a white male is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant John Doe-3 was employed as a Police Detective/ Officer/ investigator and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant John Doe-5 was acting under   color of state law. He is sued in his individual and official capacities.

13.     Defendant Officer/ Detective/ agent/ investigator John Doe-6 is a white male is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant John Doe-3 was employed as a Police Detective/ Officer/ investigator and employee of City of Kansas City, Missouri Police Department. Defendant Forrest is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant John Doe-6 was acting under   color of state law. He is sued in his individual and official capacities.

14.     Defendant Officer/ Detective/ agent/ investigator John Doe-7 is a white male is and was at all times relevant to the counts in this Compliant a citizen of the United States of America and resident of Jackson County, Missouri in the Western District of Missouri. Defendant John Doe-3 was employed as a Police Detective/

7

Agent/ Officer/ investigator and employee of City of Kansas City, Missouri Police Department. Defendant John Doe-7 is a "person" for purposes of 42 U.S.C. § 1983. At all times relevant, Defendant John Doe-7 was acting under color of state law. He is sued in his individual and official capacities.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.. 1331, to hear Plaintiffs claims under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

16. This action is brought under 42 U.S.C. § 1983 to remedy the deprivation of Plaintiff's Freedom from wrongful search and seizure and substantive due process right to bodily integrity, both secured by the Fourth and Fourteenth Amendments to the United States Constitution.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(h)(l) & (2) because. Defendant City of Kansas City is located .in Jackson County, Missouri, and the incidents, giving rise to the claims in this suit occurred in Jackson County and Clay County, Missouri. Moreover City of Kansas City, Missouri Police Department operate into City of Kansas City corporate limits.

18. Venue is proper in the United States District Court Western Division pursuant to Local Rule 3 .1 (a)(l)(a).

19. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

20.     Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

21.     That all Defendants are residents of the State of Missouri and reside within the Western District of Missouri. Therefore, venue is proper in the United States Distr Court Western District of Missouri under 28 U.S.C. § 1391(h)(l) &(2).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

22.     That at all times relevant to the claims herein Defendant Forrest was a Police Officer with Kansas City, Missouri Police Department.

23.     That at all times relevant to the claims herein Defendant Anderson was a Police Officer with City of Kansas City, Missouri Police Department.

24.     That at all times relevant to the claims herein Defendant Richard Smith was a Police Chief of City of Kansas City, Missouri Police Department.

25.     On September 23, 2017, and/ or around 13: 15 CST Plaintiff Popson attempt to enter his lawful own property at 341 Indiana Avenue, Kansas City, Missouri.

26.     On September 23, 2017, and/ or around 13:15 CST plaintiff Popson discover That the front door on his property located at 341 Indiana Avenue, Kansas City, Missouri was barricaded.

27.     On September 23, 2017 plaintiff Popson made the call to KCPD none emergency number 816- 234-5111 and requested assistance to enter his lawful own property at 341 Indiana Avenue, Kansas City, Missouri.

28. On September 23, 2017 and/ or around 13:30 CST Defendant Officer Forrest and Defendant Officer Anderson arrived at 341 Indiana Avenue, Kansas City, Missouri.

29. Plaintiff Popson stay on his privately own property at 341 Indiana Avenue, Kansas City, Missouri 64124.

30. Officer Forrest demand to have Plaintiff Popson driver license.

31. Plaintiff Popson provided his driver license under duress.

32. Defendant Officer Forrest grab plaintiff's arm over the fence, drag the Plaintiff Popson out on the sidewalk and put handcuffs on him.

33. Defendant Forrest accused Plaintiff Popson as a suspect in alleged Aggravated assault.

34. Officer Forrest accused the Plaintiff of criminal offense of Aggravated assault.

35. Defendant Forrest made fouls statement to the Plaintiff Popson "You Have an arrest warrant for aggravated assault".

36. Officer Forrest and Officer Anderson arrest and detained Plaintiff Popson without exigent circumstances and without probable cause to believe that Plaintiff is commit any crime.

37. Defendant Forrest and Defendant Anderson arrest and detained Plaintiff Popson without exigent circumstances and without probable cause to believe that Plaintiff is doing anything wrong.

38. Plaintiff ask numerous times to see the arrest warrant.

39. Plaintiff ask numerous times to be presented what wrong he did and which law he violated.

40. Defendant Anderson said "He does not have warrant for his arrest".

41. Defendant Forrest and Defendant Anderson inflict emotional duress to Plaintiff Popson.

42. Defendant Forrest cause to Plaintiff Popson apprehension of bodily harm.

43. Plaintiff was placed on the hood on the police cruiser in handcuffs on the front of his property and on the front of the witnesses watching Defendant Forrest and Defendant Anderson performing their act over Plaintiff.

44. Plaintiff was place standing against the hood on the police vehicle.

45. Defendant Forrest and Defendant Anderson compel Plaintiff to act against his will.

46. Plaintiff asked the Defendants: Defendant Forrest and Defendant Anderson if they had warrant for his arrest.

47. Defendant Anderson stated "He had no warrant".

48. Plaintiff Popson put on notice Defendant Forrest and Defendant Anderson They will be liable for their individual and official capacity if they proceed in this unlawful and illegal action against Plaintiff per his act of state and fee schedule.

49. Plaintiff stated to Defendant Forrest and Defendant Anderson "If you don't Have arrest warrant, do not have my consent and you forced me against my will, I am

kidnapped".

50.    Plaintiff claimed: I was being kidnapped and the Defendants: Defendant Forrest and Defendant Anderson did not reply.

51.    This entire action has observed by eyewitness 10- 15 feet way.

52.    Plaintiff was unarmed.

53.    Plaintiff was nonviolent.

54.    Plaintiff had not threatened anyone.

55.    Plaintiff had not been in any physical altercation with anybody, and/ or anyone else, before Defendant Forrest and Defendant Anderson arrest him.

56.    Plaintiff never posed a danger at any time to Defendant Forrest, Defendant Anderson, himself and/ or anyone else that could be alleviated by arrest him.

57.    Defendant Forrest and Defendant Anderson seized Plaintiff Popson Person and property without warrant and without probable cause supported by affidavit sign under the penalty of perjury.

58.    On September 23, 2017, Defendant Forrest and Defendant Anderson Illegally and/ or unlawfully arrest Plaintiff Popson without prerequisites of arrest Warrant sign by the Judge and Support by sworn affidavit sign under the penalty of perjury.

59.    On September 23, 2017, Plaintiff Popson was place on the front seat handcuff in the police car, with Defendant Forrest on the back seat and Defendant Anderson on the front driver seat.

60.    On September 23, 2017, Plaintiff Popson was kidnapped by Defendant

12

Forrest and Defendant Anderson and against his will place in Police vehicle and take him to the East Patrol Division Police Station.

61.     On September 23, 2019, Defendant Anderson was the driver and/ or operator On the patrol car while Plaintiff was arrested and transported from 341 Indiana Avenue, Kansas City, Missouri 64124 to East Patrol Police station at 2640 Prospect Avenue, Kansas City, Missouri 64127.

62.     Upon arrival Plaintiff Popson was taken in the East Patrol Division through the back door by the Defendant Forrest and Defendant Anderson.

63.     On September 23, 2017,Plaintiff Popson was incarcerated by the Defendant Forrest and Defendant Anderson in East Patrol Police Station.

64.     On September 23, 2017, Defendant Forrest and defendant Anderson after take the Plaintiff Popson to East Patrol Police Station throw the back door.

65.     On September 23, 2017, Defendant Anderson exchange the handcuffs with unknown male Officer Defendant John Doe-1.

66.     After the handcuffs were exchange two unknown Officers: male Officer Al John Doe-1 (Defendant John Doe-1) and female Officer Jane Doe-2 (Defendant Jane Doe-2) take over Plaintiff's incarceration.

67.     During the exchange of the handcuffs Defendant Forrest stated to the Defendant John Doe-1 1 and Defendant Jane Doe- 2 that Plaintiff did not cooperate.

68.     During the exchange of the handcuffs Defendant Anderson made a comment to the Defendants John Doe-1 and John Doe-2:" Plaintiff is one of these tough

cookies and need to be break up".

69.     Defendant John Doe- 1 reply- This want be a problem and he will take care of it.

70.     Defendant Jane Doe- 2 reply- "We seen a lot of this and no worries, he will give up shortly"

71.     Defendant Forrest took and place back on his belt the handcuffs.

72.     Defendant Forrest and Defendant Anderson left to the back door on North side of the building and Plaintiff did not see them since.

73.     Plaintiff was place in the in the South cell in East Patrol Police Station by Defendant John Doe- 1.

74.     The visual and audio of this event is captured on police dash camera and cameras located in East Patrol Police station.

75.     Plaintiff Popson was harass, humiliated, assaulted verbally, mentally and Physically abused for over 3 hrs. by Defendant John Doe-1, Defendant Jane Doe-2.

76.     Defendant John Doe-1 1 enter the cell and ask the Plaintiff that he is ready to cooperate.

77.     Plaintiff stated: I do not understand your intention officer and demand explanation why I am incarcerated? Why I am here?

78.     Defendant John Doe- 1 stated-"Because the cops broth you here"

79.     Defendant John Doe- 1 tighten the Plaintiff's handcuffs and left the cell.

80.     After some time, Defendant John Doe- 1 enter the cell again same

14

questions, same answers.

81.  Defendant John Doe- 1 tighten the Plaintiff's handcuffs and left the cell.

82.  After little while, Defendant John Doe- 1 enter the cell: same questions, same answers.

83.  Defendant John Doe-1 tighten the Plaintiff's handcuffs and left the cell.

84.  Once again Defendant John Doe-1 tighten handcuffs on the back of the Plaintiff and left the cell.

85.  Plaintiff was seat on the concrete floor in the cell.

86.  Defendant John Doe- 1 enter the cell grab and toss the Plaintiff between his legs and start to rip off his clothes.

87.  Defendant 1 with right hand slammed Plaintiff's head to his left knee

88.  Defendant 1 kick the plaintiff in the head and the rib cage, while   Plaintiff Was handcuff on the concrete floor.

89.  Defendant John Doe- 1 put his knee on plaintiff's throat, restrict Plaintiff Breathing and strip off his pants while   plaintiff was handcuff on the concrete floor.

90.  Defendant John Doe-1 toss the Plaintiff's clothes through the sell door to Defendant Jane Doe-2.

91.  Defendant John Doe- 1 threaten the Plaintiff with physical harm.

92.  Defendant John Doe-1 1 stated to the Plaintiff that he is here to hurt him.

93.  Defendant John Doe- 1 cause to the Plaintiff physical harm and paint.

94.  Defendant John Doe- 1 cause to the Plaintiff emotional and mental anguish.

15

95.     Kansas City Missouri Police Department Officer…….( Al), Defendant John Doe- 1 Identity conceal From the Plaintiff by Det. Sam Miller- KCPD Internal Affairs, Mr. Bennekin- Director Community compliance to KCPD Board of Police Commissioners.

96.     Plaintiff was reputedly assaulted when he was incarcerated by Defendant John Doe- 1.

97.     The video and audio of this entire event is captured by the sell camera in East Patrol Police

98. After some time, Defendant John Doe-1 1 enter the cell order the Plaintiff to stand up and take him out of the cell to the interrogation room located in North East side of the buildin to meet two 2 agents/ detectives white male Defendant John Doe-3 and African American femal Defendant Jane Doe-4.

99.     Defendant John Doe-1 left the Plaintiff with two agents/ detectives Defendant John Doe-3 and Defendant Jane Doe-4 and left the room.

100.    Male Detective John Doe-3 said to Plaintiff- "What is your story?"

101.    Plaintiff reply -I do not understand the question, but like to know what your story is and demand to be inform why I am incarcerated.

102.    Plaintiff stated to the Defendant John Doe-3 that he is physically injured by the Police Officers.

103.    Plaintiff ask the Defendants John Doe-3 and Jane Doe-4 "Is this the way they interrogate people?".

104.    Plaintiff ask the  Defendants John Doe-3 and Jane Doe-4 on the what authority they proceed and they are  holding him, against his will?.

105.    Defendant John Doe-3 and Defendant Jane Doe-4 did not response.

106.    Defendant Jane Doe-4 intentionally and deliberately  trying to cover the camera in the interrogation room to conceal Plaintiff's bodily injuries, causes by Defendant John Doe-1

107.    Plaintiff request to Defendant John Doe-3 and Defendant Jane Doe-4 that he needs to be examine for his physical injuries cause by public servants and he demand to see the Judge and/ or Magistrate as soon as possible.

108.    Defendant John Doe-3 and Defendant Jane Doe-4 did not response.

109.    Defendant Jane Doe-4 intentionally and deliberately  trying to cover the camera in the interrogation room to shield Plaintiff and Plaintiff's physical harm and Interrogation / investigation/ interview/ examination.

110.    Defendant John Doe-3 and Defendant Jane Doe-4 left and Plaintiff did not see them since.

111.    After short interrogation Plaintiff was send back to South East cell.

112.    Defendant John Doe-1 and Defendant Jane Doe-2 order to the Plaintiff To get out of the sell and to stand to the wall, because they have to take some mug shots of him.

113.    Defendant John Doe-1 stand behind the monitor and order to the Plaintiff where to stand for "Mug" shots to be taken on him.

114.    Defendant Jane Doe-2 order to the Plaintiff to get dress with paper shirt For the "Mug Shots".

115.    Plaintiff inform the Defendant John Doe-1 and Jane Doe-2 that he comply under duress and under protest with their orders and they will be liable for their action in their individual and official capacity.

116.    Defendant Jane Doe-2 make sarcastic remark: "O..o you are one of does Sovereign Citizens".

117.    Plaintiff's was forced for mug shots and fingerprints by Defendant John Doe-1 and Defendant Jane Doe-2 red hair female.

118.    Plaintiff comply with all given orders under protest and give formal notice to the Defendant 1 and Defendant 2 that they will be liable for their actions with compliance of Plaintiff's Act of State and Fees Schedule.

119.    Plaintiff was reputedly assaulted by Defendant John Doe-1 and Defendant John Doe-2.

120.    The video and audio of this entire event is captured by the camera on the west Wall.

121.    Defendant 2 red hair female grabbed plaintiff's arm walk him to the gray metal door and push him bare foot throw and close the door fast.

122.    Plaintiff made the compliant to Kansas City Missouri Board of Police Commissioners, but the report never been presented to him.

123.    On October 4, 2017 Plaintiff was kidnapped once again and experienced

18

second time action of assault, battery, petty indignity committed by three officers from KCPD in Excelsior Springs Missouri, Clay, County on Plaintiff private property.

124. Plaintiff do not like to talk and/ or to contract with anybody.

125. Plaintiff did not consent to searches.

126. Plaintiff never been arrested and/ or convicted with any crime.

127. Plaintiff never resisted any given orders.

128. Plaintiff comply with all given orders under protest and give formal notice to the abusers Defendant John Doe-5, John Doe-6, Defendant John Doe-7 and Excelsior Springs Police Sergeant Mike Lewis Badge # 915 that they will be liable for their action with compliance of Plaintiff's Act of State and Fees Schedule.

129. Plaintiff was unarmed.

130. Plaintiff did not give consent to agents, officers to search his car.

131. No given consent to agents, officers to search and seize Plaintiff's property.

132. The actions of Defendants were willful, wanton, reckless, and malicious and were outrageous because of Defendant's: Forrest, Anderson, John Doe-1, Jane Doe-2, John Doe-3, Jane Doe-4John Doe-5, John Doe-6 and John Doe-7 reckless and deliberate violation of Plaintiff's inalienable rights of life, Liberty an Pursuit of Happiness and evil motive or reckless indifference to coerce Plaintiff into intercourse with him having pity Indignity act over him on his own property, and directly infringing upon his bodily integrity and freedom from wrongful search and seizure, and conscious disregard for the rights of Plaintiff Guaranteed by Fort and Fourteenth Amendments to the United States

Case 4:19-cv-00515-GAF   Document 1   Filed 07/02/19   Page 19 of 40

Constitution, and causing severe emotional and mental anguish to Plaintiff, as more fully set forth in the following Counts.

## COUNT I- UNREASONABLE SEIZURE AND EXCESSIVE FORCE

*Against All Defendants for*
*Unlawful Seizure and Excessive Force*
*In Violation of the U.S. Constitution, Fourth and Fourteenth Amendments*
*42 U.S.C. § 1983*

133.    Plaintiff states and incorporates herein each statement set forth in the foregoing paragraphs 1 to 132 and brings this claim under 42 U.S.C. § 1983.

134.    That Plaintiff has a constitutional right to bodily integrity to keep his body free from harmful force or intrusion, and Plaintiff has a right to remain free from wrongful seizure.

135.    The federal Constitution protects Plaintiff against unreasonable seizure and excessive force. "The reasonableness of a particular seizure depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor,* 490 U.S. 386, 395 (1989). Whether a    seizure is unreasonable and unconstitutional depends on the totality of the circumstances. *Id.* at 396.

136.    Under the totality of the circumstances, including Plaintiff's, age and conduct, Defendants' seizure and imprisonment of Plaintiff, who posed no imminent threat to the safety of anyone and had committed no crime, was unreasonable.

137.    Defendants Forrest and Anderson, acting under the color of law, Unconstitutionally and unreasonably search and seized Plaintiff by grabbing him

20

and by handcuffing him and by imprison him and take him East Patrol Police Station.

138.   On September 23, 2017 Defendants Forrest and Anderson, acting under the color of law with deliberate, indifference, violated Plaintiffs right under the federal Constitution to be free from unreasonable seizures and excessive force.

139.   Defendants Forrest and Anderson acted maliciously, intentionally, and in reckless disregard   to Plaintiffs rights and not in a good faith effort to promote safety or protection and/ or any other legitimate ends.

140.   On September 23, 2017 Defendants Forrest and Anderson, acting under the color of law, thus thereby caused Plaintiff to be in apprehension of bodily harm violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force.

141.   On September 23, 2017 Defendants Forrest and Anderson, acting under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to sovereign immunity.

142.   Defendants Forrest and Anderson, acting under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to official immunity.

21

143.    On September 23, 2017 Defendants Forrest and Anderson, acting under the color of law and willful, wanton, reckless, malicious and outrageous because of Defendants evil motive and/ or reckless indifference to, and conspicuous disregard for Plaintiff's inalienable rights guaranteed by United States Constitution / *Fourteenth Amendment of the United States Constitution* due process of law clause protects against state laws which deprive of *life*, liberty, and property to the United States Constitution and that no person shall be deprived of life, liberty or property without due process of law *Article I, Section 10 of the Missouri Constitution*. The Due Process Clause protects individuals both procedurally and substantively, and bars arbitrary, wrongful government actions. *Foucha v. Louisiana*, 404 U.S. 71, 112 S.Ct. 1780, 118 L.E.d2d 437 (1992). Freedom from bodily restraint is at the heart of the liberty interest protected against arbitrary government action. *Youngberg v. Romeo*, 457 U.S. 307, 316, 102 S.Ct. 2452, 2458,73 L.Ed.2d 28 (1982).

144.    On September 23, 2017 Defendants Forrest and Anderson, acting Under the color of law by utilizing his actual and apparent authority as a Police Officers to coerce Plaintiff into acting against his will.

145.    That Plaintiffs right to be free from unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution, was willfully violated when Plaintiffs liberty to move freely was completely diminished by Defendants Forrest and Anderson physical force and show of authority; he did not reasonably feel free to leave and subsequently acquiesced to Defendants Forrest and Anderson show of

authority; and his freedom of movement was intentionally terminated; therefore, Plaintiff was unreasonably seized under the Fourth Amendment.

146. Defendant John Doe-1, acting under color of law using torturing technics upon Plaintiff intended to cause physical pain and mental anguish, violated Plaintiffs right under the federal Constitution to be free from unreasonable seizures and excessive force.

147. On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, acting under the color of law with deliberate, indifference, violated Plaintiffs right under the federal Constitution to be free from unreasonable seizures and excessive force.

148. On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, acting under the color of law thus thereby caused Plaintiff to be in apprehension of bodily harm violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force.

149. On September 23, 2017 Defendant John Doe 3 and Jane Doe 4 did not take any corrective action to address the excessive force Plaintiff endured an/ or unconstitutional and unreasonable seizure.

150. On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, acting Under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to sovereign immunity.

23

151.   On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, acting Under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to official immunity.

152.   On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, acting under the color of law by utilizing his actual and apparent authority as a Police Officers to coerce Plaintiff into acting against his will and taking "MUG" shots and fingerprints.

153.   That Plaintiffs right to be free from unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution, was willfully violated when Plaintiffs liberty to move freely was completely diminished by Defendants John Doe 1 and Jane Doe 2 physical force and show of authority; he did not reasonably feel free to leave and subsequently acquiesced to Defendants John Doe-1 and Jane Doe-2 show of authority; and his freedom of movement was intentionally terminated; therefore, Plaintiff was unreasonably seized under the Fourth Amendment.

154.   On September 23, 2017 Defendants John Doe-1 and Jane Doe-2 Acting under the color of law, thus thereby caused Plaintiff to be in apprehension of bodily harm violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force.

155.   On September 23, 2017 Defendants John Doe-1 and Jane Doe-2, Acting under the color of law and willful, wanton, reckless, malicious and outrageous

24

because of Defendants evil motive and/ or reckless indifference to, and conspicuous disregard for Plaintiff's inalienable rights guaranteed by United States Constitution / *Fourteenth Amendment of the United States Constitution* due process of law clause protects against state laws which deprive of life, liberty, and property to the United States Constitution and that no person shall be deprived of life, liberty or property without Due process of law *Article I, Section 10 of the Missouri Constitution*. The Due Process Clause protects individuals both procedurally and substantively, and bars arbitrary, wrongful government actions. *Foucha v. Louisiana*, 404 U.S. 71, 112 S.Ct. 1780, 118 L.E. d2d 437 (1992). Freedom from bodily restraint is at the heart of the liberty interest protected against arbitrary government action. *Youngberg v. Romeo*, 457 U.S. 307, 316, 102 S.Ct. 2452, 2458,73 L.Ed.2d 28 (1982).

156. Plaintiff's right to be free from unreasonable seizures and excessive force as described herein was clearly established on September 23, 2017 at the time of the incident stated at 341 Indiana Avenue, Kansas City, Missouri 64124 and 2640 Prospect Avenue Kansas City, Missouri 64127, Jackson County.

157. Plaintiff's right to be free from unreasonable seizures and excessive force as described herein was clearly established on September 23, 2017 at the time of the incident stated at 2640 Prospect Avenue Kansas City, Missouri 64127, Jackson County, Missouri.

158. Defendants John Doe 3 and Jane Doe 4, acting under the color of law,

sanctioned and approved Plaintiff's unlawful seizure failing to instruct defendant John Doe 1 not to torture and use excessive force over the Plaintiff and failing to take and make a report for Plaintiff's physical harm and injuries cause by Kansas City, Missouri Police Officers. In fact Jane Doe 4 cover the camera at all the time during the interrogation on September 23, 2017 at the time of the incident stated at 2640 Prospect Avenue Kansas City, Missouri 64127, Jackson County, Missouri. Plaintiff posed no imminent threat to anyone, committed no crime, charge with no crime and was complying with instructions.

159.   On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law with deliberate, indifference, violated Plaintiffs right under the federal Constitution to be free from unreasonable seizures and excessive force at 432 Isley Boulevard, Excelsior Springs, Missouri 64024, Clay County.

160.   On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law, thus thereby caused Plaintiff to be in apprehension of bodily harm violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force.

161.   On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force,

26

hereby losing any claim Defendants may have to official immunity.

162. On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law and willful, wanton, reckless, malicious and outrageous because of Defendants evil motive and/ or reckless indifference to, and conspicuous disregard for Plaintiff's inalienable rights guaranteed by United States Constitution / *Fourteenth Amendment of the United States Constitution* due process of law clause protects against state laws which deprive of *life*, liberty, and property to the United States Constitution and that no person shall be deprived of life, liberty or property without due process of law *Article I, Section 10 of the Missouri Constitution*. The Due Process Clause protects individuals both procedurally and substantively, and bars arbitrary, wrongful government actions. *Foucha v. Louisiana*, 404 U.S. 71, 112 S.Ct. 1780, 118 L.E.d2d 437 (1992). Freedom from bodily restraint is at the heart of the liberty interest protected against arbitrary government action. *Youngberg v. Romeo*, 457 U.S. 307, 316, 102 S.Ct. 2452, 2458,73 L.Ed.2d 28 (1982).

163. On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to sovereign immunity.

164. On October 04, 2017 Defendants John Doe-5, John Doe-6 and John

27

Doe-7, acting under the color of law and willful, wanton, reckless, in bad faith and malicious with deliberate and reckless indifference, violated Plaintiff's inalienable rights under the federal Constitution to be free from unreasonable seizures and excessive force, hereby losing any claim Defendants may have to official immunity.

165.    On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law by utilizing their actual and apparent authority as a Police Officers tocoerce Plaintiff into acting against his will , without his consent they conduct unlawful search and seizure on Plaintiff's person and property at 432 Isley Boulevard, Excelsior Springs, Missouri 64024, Clay County, Missouri.

166.    On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law by utilizing their actual and apparent authority as a Police Officers tocoerce Plaintiff into acting against his will and perform petty indignity on Plaintiff person and/ or his own property at 432 Isley Boulevard, Excelsior Springs, Missouri 64024, Clay County.

167.    That Plaintiffs right to be free from unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution, was willfully violated when Plaintiffs liberty to move freely was completely diminished by Defendants John Doe 5, John Doe 6 and John Doe 7 physical force and show of authority; he did not reasonably feel free to leave and subsequently acquiesced to Defendants John Doe 5, John Doe 6 and John Doe 7   show of authority; and his freedom of movement was

28

intentionally terminated; therefore, Plaintiff was unreasonably seized under the Fourth Amendment of United States Constitution.

168. Plaintiff's right to be free from unreasonable seizures and excessive force as described herein was clearly established on October 04, 2017 at the time of the incident stated at 432 Isley Boulevard, Excelsior Springs, Missouri 64024, Clay County.

169. On October 04, 2017 Defendants John Doe-5, John Doe-6 and John Doe-7, acting under the color of law and willful, wanton, reckless, malicious and outrageous because of Defendants evil motive and/ or reckless indifference to, and conspicuous disregard for Plaintiff's inalienable rights guaranteed by United States Constitution / *Fourteenth Amendment of the United States Constitution* due process of law clause protects against state laws which deprive of life, liberty, and property to the United States Constitution and that no person shall be deprived of life, liberty or property without due process of law *Article I, Section 10 of the Missouri Constitution*. The Due Process Clause protects individuals both procedurally and substantively, and bars arbitrary, wrongful government actions. *Foucha v. Louisiana*, 404 U.S. 71, 112 S.Ct. 1780, 118 L.E.d2d 437 (1992). Freedom from bodily restraint is at the heart of the liberty interest protected against arbitrary government action. *Youngberg v. Romeo*, 457 U.S. 307, 316, 102 S.Ct. 2452, 2458,73 L.Ed.2d 28 (1982).

170. Defendant Richard Smith- Chief of City of Kansas City, Missouri Police Department has duty and obligation to serve and protect the people in the

corporate city limits into the jurisdiction of the City of Kansas City, Missouri and/or to provide supervision, instructions policies and procedures to all Officers of City of Kansas City, Missouri Police Department and protect Plaintiff's right to be free from unreasonable seizures and excessive force as described herein was clearly established on September 23, 2017 at the time of the incident stated at 341 Indiana Avenue, Kansas City, Missouri 64124 and 2640 Prospect Avenue Kansas City, Missouri 64127, Jackson County.

171. Defendant Richard Smith- Chief of City of Kansas City, Missouri Police Department has duty and obligation to serve and protect the people in the corporate city limits into the jurisdiction of the City of Kansas City, Missouri and/or to provide supervision, instructions policies and procedures to all Officers of City of Kansas City, Missouri Police Department and protect Plaintiff's right to be free from unreasonable seizures and excessive force as described herein was clearly established on October 04, 2017 at the time of the incident stated outside City of Kansas City, Missouri corporate limits at 432 Isley Boulevard Excelsior Springs, Missouri, Clay County, Missouri.

172. Defendant Richard Smith- Chief of City of Kansas City, Missouri Police Department has maintained, with deliberate indifference, an unconstitutional custom and policy of handcuffing, arrest, imprison, unreasonable search and seizure and excessive force to Missouri residents who pose no imminent danger, breaking no law, and committed no crime, and charge with no crime.

30

173. Defendant KANSAS CITY, MISSOURI POLICE DEPARTMENT ORI # MOKPD0000 has maintained, with deliberate indifference, an unconstitutional custom and policy of handcuffing, arrest, imprison, unreasonable search and seizure and excessive force to Missouri residents who pose no imminent danger, breaking no law, and committed no crime, and charge with no crime.

174. Defendant CITY OF KANSAS CITY, MISSOURI trough KCMO Board Of Police Commissioners was the governmental body policy maker for KCMO Police Department has provided and maintained, with deliberate indifference, an unconstitutional custom and policy of handcuffing, arrest, imprison, unreasonable search and seizure and excessive force to Missouri residents who pose no imminent danger, breaking no law, and committed no crime, and charge with no crime.

175. As a result of Defendants' actions, Plaintiff suffered injuries, to wit: pain, fear, and emotional and psychological harm, : he sustained physical injuries to various parts of his body; he endured a loss of personal freedom; and he suffered from prolonged mental suffering, anguish, and humiliation, and he will continue to suffer from such in the future.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants KCMO, KCPD, FORREST, ANDERSON, SMITH and 7 unknown Officers/ Agents:

    B. Award Plaintiff compensatory damages against Defendants KCMO, KCPD and Richard Smith- Police Chief in a fair and reasonable amount in excess of

SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs

herein expended, and for any further relief this honorable Court deems just and

proper:

C.  Award Plaintiff actual and punitive damages against Defendants KCMO,

in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00), together with costs herein expended, and for any

further relief this honorable Court deems just and proper:

D.  Award Plaintiff compensatory and punitive damages against Defendant

FORREST for violation of Plaintiff constitutional rights under state law in

a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00), plus punitive damages, together with cost

herein expended, and for any further relief this honorable Court deems

just and proper:

E.  Award Plaintiff compensatory and punitive damages against Defendant

ANDERSON for violation of Plaintiff constitutional rights under state law

in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00), plus punitive damages, together with cost herein

expended, and for any further relief this honorable Court deems just and

proper:

F.  Award Plaintiff compensatory and punitive damages against Defendant

John Doe 1 for violation of Plaintiff constitutional rights under state law in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with cost herein expended, and for any further relief this honorable Court deems just and proper:

G. Award Plaintiff compensatory and punitive damages against Defendant Jane Doe 2 for violation of Plaintiff constitutional rights under state law in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with cost herein expended, and for any further relief this honorable Court deems just and

H. Award Plaintiff compensatory and punitive damages against Defendant John Doe 3 for violation of Plaintiff constitutional rights under state law in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with cost herein expended, and for any further relief this honorable Court deems just and

I. Award Plaintiff compensatory and punitive damages against Defendant Jane Doe 4 for violation of Plaintiff constitutional rights under state law in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with cost herein expended, and for any further relief this honorable Court deems just and

J.  Award Plaintiff compensatory and punitive damages against Defendant

   John Doe 4 for violation of Plaintiff constitutional rights under state law

   in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

   DOLLARS ($75,000.00), plus punitive damages, together with cost herein

   expended, and for any further relief this honorable Court deems just and

K.  Award Plaintiff compensatory and punitive damages against Defendant

   John Doe 5 for violation of Plaintiff constitutional rights under state law

   in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

   DOLLARS ($75,000.00), plus punitive damages, together with cost herein

   expended, and for any further relief this honorable Court deems just and

L.  Award Plaintiff compensatory and punitive damages against Defendant

   John Doe 6 for violation of Plaintiff constitutional rights under state law

   in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

   DOLLARS ($75,000.00), plus punitive damages, together with cost herein

   expended, and for any further relief this honorable Court deems just and

M. Award Plaintiff compensatory and punitive damages against Defendant

   John Doe 7 for violation of Plaintiff constitutional rights under state law

   in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND

   DOLLARS ($75,000.00), plus punitive damages, together with cost herein

   expended, and for any further relief this honorable Court deems just and proper:

N.  Award Plaintiff reasonable counsels' fees and costs pursuant to

42 U.S.C. § 1988 and any other applicable provisions of law; and

O. Allow such other and further relief as the Court deems just and   proper.


## COUNT II:  MUNICIPAL LIABILITY

*42 USC. § 1983-Municipal Liability and Failure to Train and Supervise· Against Defendants City of Kansas City, MO, Kansas City, MO Police Department*

176.  Plaintiff states and incorporates herein each statement set forth in the foregoing paragraphs 1 to 175 and brings this claim under 42 U.S.C.§ 1983.

177.  Defendant KCMO developed and maintained policies and customs customs exhibiting deliberate indifference to Plaintiff's constitutional rights.

178.  Defendant KCPD failed to train and supervise Defendants FORREST and ANDERSON on reasonable and lawful behavior interventions, thereby demonstrating a deliberate indifference to Plaintiff's rights when it allowed Defendants FORREST, ANDERSON to conduct unlawful arrest and imprisonment.

179.  Defendant KCPD failed to train and supervise Defendants John Doe 1 and Jane Doe 2 on reasonable and lawful behavior interventions, thereby demonstrating a deliberate indifference to Plaintiff's rights when it allowed Defendants John Doe 1 and Jane Doe 2 to conduct unlawful imprisonment, incarceration and interrogation.

180.  Defendant KCPD failed to train and supervise Defendants John Doe 3 and Jane Doe 4 on reasonable and lawful behavior interventions, thereby

demonstrating a deliberate indifference to Plaintiff's rights when it allowed Defendants John Doe 3 and Jane Doe 4 to conduct unlawful imprisonment, incarceration and interrogation.

181. Defendant KCPD failed to train and supervise Defendants John Doe 5, John Doe 6 and John Doe 7 on reasonable and lawful behavior interventions, thereby demonstrating a deliberate indifference to Plaintiff's rights when it allowed Defendants John Doe 3 and Jane Doe 4 to conduct unlawful arrest, detention, imprisonment, and interrogation.

182. KCPD ORI # MOKPD0000 and was responsible for supervising Police Officers, Detectives, Agents and to prevent deliberate indifference to Plaintiff's rights, allowed Officers like FORREST and ANDERSON conduct unconstitutional and unreasonable seizure.

183. Defendant KCPD failed to train and supervise Defendants FORREST and ANDERSON to use of excessive force Plaintiff endured or his unconstitutional and unreasonable seizure

184. Defendant KCPD failed to train and supervise Defendants on reasonable and lawful behavior interventions, thereby demonstrating a deliberate indifference to Plaintiff's rights when it allowed Defendants FORREST, ANDERSON to conduct unlawful arrest and imprisonment

185. Defendant KCPD failed to train and supervise Defendants on reasonable and lawful behavior interventions, thereby demonstrating a deliberate

indifference to Plaintiff's rights when it allowed Defendants FORREST, ANDERSON to conduct unlawful arrest and imprisonment.

186.    At the time of the above-described incident, it was the custom or policy of Defendant KCPD ORI # MOKPD0000 to inadequately supervise and train its Police Officers, Agents, Detectives, Employees thereby evidencing a deliberate indifference to Plaintiffs constitutional rights.

187.        Defendants John Doe 3 and Jane Doe 4 did not take any corrective action to address the excessive force Plaintiff endured or his unlawful, unconstitutional and unreasonable seizure.

188.        At the time of the above-described incident, it was the custom or policy of Defendant KCPD ORI # MOKPD0000 to inadequately supervise and train its Police Officers, Agents, Detectives, Employees thereby evidencing a deliberate indifference to Plaintiffs constitutional rights.

189.    Defendant KCPD Kansas City Police Department ORI # MOKPD0000 was deliberately indifferent to Plaintiffs constitutional rights by failing to have a policy in place to protect People's right to bodily integrity and to be free to unreasonable seizures and excessive force or, alternatively, by failing to implement or follow that policy or to train Police Officers, Agents, Detectives, Employees on that  policy.

190.    As a direct and proximate result of Defendants KCMO's and KCPD's

customs and policies, Plaintiff sustained damages.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendant Kansas City Police Department;

B. Enter judgment in favor of Plaintiff and against Defendant City of Kansas City, Missouri;

C. Issue an injunction requiring Defendant City of Kansas City, Missouri through the Kansas City Board of Police Commissioners to develop customs and policies in place to protect People of Kansas City right to bodily integrity and to be free to unreasonable seizures and excessive force under the Fourth Amendment.

D. Issue an injunction requiring Defendant Kansas City Police Department ORI # MOKPD0000 to develop and implement adequate training programs for its Police Officers about People's rights under the Fourth Amendment.

E. Award Plaintiff compensatory damages against Defendant KCPD for violator of Plaintiffs constitutional rights under color of state law;

F. Issue an injunction requiring Office of the City Attorney to develop educational video and folding brochure with People of Kansas City right to bodily integrity and to be free to unreasonable seizures and excessive force under the Fourth Amendment. Video to be broadcast

38

on City channel ones per mount for the next 5 years. Cost to be covered from Plaintiff compensatory damages under Court supervision.

G. Issue an injunction requiring educational brochure to be distributed with the water bill to each one household in Kansas City and to be available in City hall, Municipal Court and any Police station in the City. Cost to be covered from Plaintiff compensatory damages under Court supervision.

H. Award Plaintiff reasonable counsels' fees and costs pursuant to 42 U.S.C.§ 1988 and any other applicable provisions of law; and

I. Allow such other and further relief as the Court deems just and proper.

Respectively Submitted:

Tomas Caesar Popson- Sui Juris, Living man
/ Without Recourse/ All Rights Reserved
Mailing address: 401 Indiana Ave
Kansas City, Missouri 64124
Telephone: (816) 805-4843
Facsimile: (816) 474-7978
Email: suijuris2015@gmail.com

39

## VERIFICATION/CERTIFICATION

I, Tomas Caesar Popson, Sui Juris, hereafter, "I" am being of majority, one of the People of Missouri, a free man on the land on Missouri, do depose and say I am competent to testify and have personal first-hand knowledge of the matters hereafter testified to and I hereby certify that the factual statements of foregoing are true and correct under the penalty of perjury per liabilities in Briscoe v LaHue, 460 U.S.325 (1983).

Date: 7-2-2019          Signature: *Tomas Caesar Popson*

Tomas Caesar Popson – Sui Juris – Pro-Se

State of Missouri

County of Jackson

On this 02 day of July in the year of 2019, before me, the undersigned Notary Public, personally, appeared Tomas Caesar Popson known to me to be the person(s) whose name(s) is/are subscribe to the within instrument and acknowledge that he executed the same for the purpose therein contained. In witness, whereof, I hereunto set my hand and official seal

*Tedi H Rowland*

Notary Public

TEDI H ROWLAND
My Commission Expires
April 17, 2023
Jackson County
Commission # 15173894
Seal

NOTARY PUBLIC
NOTARY SEAL
OF MISSOURI

40